```
                  UNITED STATES  DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA
```

CLEOPHA FREDERICK                              CIVIL ACTION

VERSUS                                         NUMBER: 12-2764

N. BURL CAIN, WARDEN                           SECTION: "E"(5)


### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2(A), presently before the Court is the 28 U.S.C. §2254 application for federal habeas corpus relief of petitioner, Cleopha Frederick, the State's "Motion to Dismiss", and petitioner's "Objections" to the State's motion. (Rec. docs. 1, 15, 16). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Frederick's petition be dismissed with prejudice.

Petitioner Frederick is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana. On July 15, 1993, Frederick was found guilty of second degree murder after trial, by jury, in the Twenty-First Judicial District Court for the Parish of Tangipahoa, State of Louisiana.

(St. ct. rec., vol. 1).  On June 8, 1994, Frederick was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.  (Id.).  No direct appeal was taken.

On May 23, 1996, Frederick signed the affidavit accompanying his first post-conviction relief application ("PCRA") in which he asserted five challenges to his conviction, including the denial of his right to a direct appeal. (St. ct. rec., vol. 1).  On July 17, 1996, the trial court granted Frederick's first PCRA and ordered that he be afforded an out-of-time appeal with the assistance of counsel. (Id., minute entry of July 17, 1996).  After due briefing by the parties, on May 9, 1997, the Louisiana First Circuit Court of Appeal affirmed Frederick's conviction and sentence in an unpublished opinion.  State v. Frederick, 698 So.2d 1070 (La. App. 1st Cir. 1997)(table).  (St. ct. rec., vol. 3).  From this unfavorable ruling, Frederick sought writs from the Louisiana Supreme Court which denied relief on November 14, 1997.  State v. Frederick, 703 So.2d 1289 (La. 1997).  Frederick's conviction became final ninety days later, or February 13, 1998, when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired and no application therefor was made.  See U.S. Sup. Ct. R. 13(1); Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003)(conviction becomes final when the time for seeking further direct review expires).  A review of the state court record

submitted by the respondent reveals that Frederick had no challenges to his conviction pending before the state courts until over fourteen months later when he signed the certificate of service on the memorandum supporting his second PCRA on April 23, 1999. (St. ct. rec., vol. 3). A recitation of the remainder of Frederick's subsequent proceedings before the state courts is unnecessary to resolve the matter at hand.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Frederick have one year from the date that their convictions become final to timely seek federal habeas relief. Section 2244(d)(2) further provides that the time during which a prisoner has a properly filed application for post-conviction relief or other collateral review pending before the state courts is not counted against the one-year limitation period. Although the State has done so in this case, the one-year time bar may be raised by the Court sua sponte. Kiser v. Johnson, 163 F.3d 326, 328-29 (5th Cir. 1999).

As noted in the procedural history set forth above, Frederick's conviction became final on February 13, 1998 when the delays for seeking a writ of certiorari from the U.S. Supreme Court expired. At that point, the one-year limitation period set forth

in §2244(d) commenced running and had expired by the time that Frederick signed his second PCRA on April 23, 1999. Although Frederick had, in the interim, lodged public records requests and initiated other proceedings in an attempt to obtain documents pertaining to his criminal case, including a mandamus action against the district attorney, such proceedings do not qualify as "application[s] for State post-conviction or other collateral review ..." so as to toll the limitation period under §2244(d)(2) because they were preliminary in nature and did not directly call into question the validity of his conviction or sentence. Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002), cert. denied, 537 U.S. 1236, 123 S.Ct. 1360 (2003)(mandamus proceeding); Boyd v. Ward, No. 01-CV-0493, 2001 WL 533221 at *4 (E.D. La. May 15, 2001)(proceeding seeking documents); Brisbon v. Cain, No. 99-CV-3078, 2000 WL 45872 at *2 (E.D. La. Jan. 18, 2000)(same).

The fact that Frederick filed a second PCRA on April 23, 1999 is of no moment because the §2244(d) limitation period had by that time already expired. See Villegas v. Johnson, 184 F.3d 467, 472 (5th Cir. 1999)(expired limitation period cannot be revived by filing state habeas petition). As Frederick's federal habeas petition was filed after the §2244(d) statute of limitations had expired, the sole question remaining is whether his petition is saved by the operation of equitable tolling. See, e.g., Prieto v.

4

Quarterman, 456 F.3d 511, 514-15 (5th Cir. 2006)(AEDPA is only subject to statutory and equitable tolling).

The doctrine of equitable tolling applies only in rare and exceptional circumstances and principally where the plaintiff is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057, 120 S. Ct. 1564 (2000).  "A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, ___, 130 S.Ct. 2549, 2562 (2010)(internal quotation marks and citation omitted).  The diligence prong of the foregoing test is grounded in notions that equitable tolling "... is not intended for those who sleep on their rights." Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010), cert. denied, ___ U.S. ___, 131 S.Ct. 1574 (2011).  The diligence required of a habeas petitioner is "reasonable diligence", not "maximum feasible diligence". Holland, 560 U.S. at ___, 130 S.Ct. at 2565.

In his objections to the respondent's motion to dismiss, Frederick attempts to demonstrate his entitlement to equitable tolling by arguing that he requested a copy of the district attorney's file for purposes of preparing his second PCRA in April

5

of 1997 but was advised that the records had been purged. (Rec. doc. 16, pp. 4-5).  At a hearing that was held on Frederick's request for an injunction on June 1, 1999, a representative from the district attorney's office testified that although it was that office's practice to purge its files after a three-year period and that Frederick had been sent a form letter to that effect, it had not done so in Frederick's case. (St. ct. rec., vol. 3, trans. of June 1, 1999).  Rather, the representative testified, Frederick's file, which had been generated by a previous administration, simply could not be located. (Id.).

Frederick does not explain why the records he sought were necessary to perfect his second PCRA, why the records could not have been obtained from the state trial court, or why any new claim that he was desirous of presenting in his second PCRA was not included in his out-of-time direct criminal appeal.  Even without the records he sought, Frederick could have filed a "skeletal" habeas petition to stay the running of the §2244(d) statute of limitations, Hill v. Johnson, 210 F.3d 481, 483-84 (5th Cir. 2000), and the lack of such records obviously did not prevent him from filing his second PCRA in April of 1999 which, unfortunately for Frederick, was after the limitation period had already run its course. (St. ct. rec., vol. 3, PCRA of Apr. 23, 1999, pp. 23-28). Under these circumstances, the Court is unable to say that

Frederick exercised reasonable diligence during the relevant time period.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Cleopha Frederick be dismissed with prejudice as untimely.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  3rd  day of   December   , 201_.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE